UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| PAUL JASON REECE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:08-CV-645 CAS |
| MISSOURI DEPARTMENT OF CORRECTIONS-ERDCC, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of Paul Jason Reece (registration no. 364889) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $8.50, and an average monthly account balance of $1.88. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly balance.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Southeast Correctional Center ("SECC"), seeks unspecified monetary relief in this 42 U.S.C. § 1983 action against defendants Missouri Department of Corrections-ERDCC, and Eastern Reception and Diagnostic Correctional Center ("ERDCC")

employees Unknown Purkett, Unknown OSHA, Unknown Crump, and Unknown Montgomery.

Plaintiff alleges that "they put me in the hole and then transferred me for no reason." Complaint at 6-7. He claims that he was wrongfully transferred from ERDCC to SECC, without a hearing and in violation of prison rules and regulation.

Plaintiff's due process claims concerning his transfer to SECC are legally frivolous, because transfers to other prisons are entirely within the discretion of prison officials. *See Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984). Moreover, prisoners have no justifiable expectation that they will be incarcerated in any particular prison within a state. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Murphy v. Missouri Dept. of Correction*, 769 F.2d 502, 503 (8th Cir. 1985). Any protected interest plaintiff might have in being incarcerated in a particular state prison would have to be created by state law. *See Hewitt v. Helms*, 459 U.S. 460, 469 (1983). Furthermore, plaintiff has no constitutional right to a particular prison classification or housing assignment, and he does not allege a liberty interest created by state law. *See Nash v. Black*, 781 F.2d 665, 668 (8th Cir. 1986); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). Plaintiff makes no allegation of improper motive behind the transfer; rather, he asserts that it was made for no reason. *See Goff v. Burton*, 7 F.3d 734, 736-37 (8th Cir. 1993), *cert. denied*, 512 U.S. 1209 (1994). Plaintiff has failed to state a claim or cause of action for the denial of a constitutional right.

Finally, plaintiff's assertion that defendants failed to follow prison regulations in transferring him does not state a claim under § 1983. *See Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $1.70 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot. [Doc. 4]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate Order of Dismissal will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of May, 2008.