# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PAUL JASON REECE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:08-CV-645 CAS |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on remand from the Eighth Circuit Court of Appeals for a determination whether plaintiff's letter to the Court of Appeals dated July 20, 2008 may be construed as a motion for extension of time to file a notice of appeal and, if so, whether plaintiff has demonstrated excusable neglect or good cause to excuse the untimely filing such that the time for filing his notice of appeal should be extended.

For the following reasons, the Court concludes that plaintiff's letter dated July 20, 2008 should be construed as a motion for extension of time to file a notice of appeal, but the motion must be denied because it was filed more than sixty days after entry of the order plaintiff seeks to appeal. The Court further finds that even if the motion were timely, plaintiff fails to establish either good cause or excusable neglect.

**Discussion**.

    A. *Plaintiff's Motion is Untimely*

Under Federal Rule of Appellate Procedure 4(a)(1), the notice of appeal in a civil case must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.

Rule 4(a)(1), Fed. R. App. P. Under Fed. R. App. P. 4(a)(5), the district court may extend the time to file a notice of appeal if (1) "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires;" and (2) the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5). The Rule 4(a)(5) motion cannot be filed more than 60 days after entry of the order being appealed. Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 462 (8th Cir.), cert. denied, 531 U.S. 929 (2000).

Rule 4(c)(1), Fed. R. App. P., is relevant to the instant case and modifies the deadline established in Rule 4(a)(1). This rule provides:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 4(c)(1), Fed. R. App. P.

In order to take advantage of the prison mailbox rule contained in Rule 4(c)(1), the prisoner must state that he used the prison mail system, and state whether the institution has one or two mail systems. Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001). Assuming that a prisoner uses a prison mailing system, he is required to file an affidavit or notarized statement recounting the precise date on which he left his notice of appeal with prison authorities. Id. The prisoner "bears the ultimate burden of proving his entitlement to benefit from the rule." Grady v. United States, 269 F.3d 913, 916-17 (8th Cir. 2001).

In the instant case, the order of dismissal which plaintiff seeks to appeal was entered by this Court on May 21, 2008. In order to be timely under Fed. R. App. P. 4(a)(5), plaintiff's motion for

extension of time to file a notice of appeal had to be filed by July 21, 2008, or deposited in the institution's internal mail system by the same date.

Plaintiff's letter addressed to Mr. Michael Gans, Clerk of the Eighth Circuit Court of Appeals, is dated July 20, 2008. The Court concludes that the letter, liberally construed, may be considered as a motion for extension of time to file a notice of appeal. The Court must now determine if the motion for extension of time to file a notice of appeal is timely.

Plaintiff's letter was stamped "received" by the Eighth Circuit Court of Appeals on July 28, 2008, and therefore is untimely because it is outside of the 60-day deadline of Fed. R. App. P. 4(a)(1), unless plaintiff can establish that he is entitled to the benefit of the prison mailbox rule as set forth in Fed. R. App. P. 4(c)(1). The Court concludes that plaintiff has not met this burden, because the letter does not state whether plaintiff used the prison mail system or whether the institution has one or two mail systems, and does not include a declaration or affidavit stating the date on which plaintiff deposited the letter in the prison mail system and that he affixed first-class postage. See Porchia, 251 F.3d at 1198. Further, the envelope in which the letter was mailed bears a stamp indicating that it was received in the Southeast Correctional Center institutional mail room on July 25, 2008, which is four days out of time.

Plaintiff's motion for an extension of time to file a notice of appeal is therefore untimely under Fed. R. App. P. 4(a)(1) and should be denied on that basis.

B. *Plaintiff Fails to Establish Excusable Neglect or Good Cause*

Under Federal Rule of Appellate Procedure 4(a)(5), a district court may extend the time to file a notice of appeal if (1) the party moves for an extension no later than 30 days after the time prescribed by Fed. R. App. P. 4(a) expires, and (2) the party shows excusable neglect or good cause.

3

See Gibbons v. United States, 317 F.3d 852, 853 n.3 (8th Cir. 2003). Even if plaintiff's motion for an extension of time to file a notice of appeal had been timely, the Court finds that plaintiff has not established either excusable neglect or good cause as required by Rule 4(a)(5).

The advisory notes to the 2002 Amendment to Rule 4 explain that the good cause standard "applies in situations where there is no fault–excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." See Fed. R. App. P. 4 advisory committee's note; Gibbons, 317 F.3d at 853 n.3.

There are generally four factors to be considered in determining whether to grant a motion to extend appeal time based on excusable neglect. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). The determination whether neglect is excusable is an equitable one, taking account of all relevant circumstances surrounding the party's omission. Id. The Pioneer factors include prejudice to the non-movant, the length of the delay, the movant's good faith, and most important, the reason for the delay. Neglect need not be caused by circumstances beyond the control of the movant to be excusable, but inadvertence, ignorance of the rule, or mistakes construing the rules do not usually constitute excusable neglect. Lowry, 211 F.3d at 464. "The term 'excusable neglect' in this rule 'is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" Union Pacific R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 782 (8th Cir. 2001) (quoting Pioneer, 507 U.S. at 394).

Plaintiff's letter to Mr. Gans dated July 20, 2008 is accompanied by a copy of an earlier letter to Mr. Gans dated June 20, 2008. The letter dated July 20, 2008 states in pertinent part, "I'm sorry about my complaint being late, I sent it out and it came back." Plaintiff does not make any further attempt to explain the relevant circumstances or reason for his delay in filing the motion for extension

4

of time. There is no basis for the Court to conclude, from the letter of July 20, 2008, that plaintiff's need for the extension is occasioned by something that is not within his control, and therefore the good cause standard is not met. Similarly, plaintiff's letter dated July 20, 2008 does not provide enough information for the Court to determine that plaintiff has established excusable neglect. Although the July 20, 2008 letter mentions that a prior "complaint" was returned to plaintiff, there is no explanation given concerning the circumstances of that return. Plaintiff's bare assertion does not establish the necessary excusable neglect. Plaintiff also does not provide enough information for the Court to determine whether plaintiff might have been negligent in connection with the first letter. For these reasons, the Court concludes that plaintiff does not establish excusable neglect or good cause, even if the motion were timely.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's letter to Mr. Gans dated July 20, 2008 is construed as a motion for extension of time to file a notice of appeal.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to file a notice of appeal is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall promptly deliver a copy of this Memorandum and Order to the United States Court of Appeals for the Eighth Circuit.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of September, 2008.